## KELLOGG *against* CARY.

In an action of slander, it is competent to give evidence, in order to rebut the impli-
cation of malice, that the suspicions of others, with regard to the truth of the
words spoken, were communicated to the defendant; but the abstract opinion of
others, not thus communicated, cannot be given in evidence.

ERROR to *Venango* county.

This was an action of slander in which *James Cary* was plain-
tiff, and *Isaac Kellogg* defendant.    The actionable words were, in
substance, that *Kellogg* charged *Cary* with stealing a five dollar
note.    The defendant offered to prove that other persons in the
neighbourhood spoke of their suspicions of *Cary*, before the time
when the alleged slanderous words were spoken by *Kellogg*.    This
evidence was objected to and over-ruled; the correctness of the
opinion of the court, in this particular, was the only assignment of
error insisted on here.

*Galbraith* for plaintiff in error, cited *Morris* v. *Duane*, 1 *Bin*,
90.

*Pearson* for defendant in error.

PER CURIAM.—The assignment of error in respect to the amend-
ment, is disposed of by the decision in *Proper* v. *Luce*, at the pre-
sent term; and the evidence contained in the bill of exceptions,
seems to have been properly rejected.    Had the defendant offered
to show that suspicions entertained by others, had been communi-
cated to him before the speaking of the words, the evidence might
have been proper to rebut the implication of malice, or to estimate
the damages.    But the abstract suspicions of third persons, of
which he appears to have been ignorant, could form no apology for
his accusation of an innocent man, who ought not to be further pre-
judiced by having his cause subjected, not to the evidence of facts,
but the influence of popular impressions.

Judgment affirmed,